February 10, 1908.

————o————

No. 4368.

(Court of Appeal, Parish of Orleans.)

QUAKER REALTY CO., LTD., VS. GEORGE W. MAURY.

Issues of fact only are involved herein.

Appeal from Civil District Court, Division "D."

Hall & Monrce, for Plaintiff and Appellee.

A. A. Calongne, R. A. Tichenor and A. J. Peters, for Defendant and Appellant.

DUFOUR, J. The plaintiff in this petitiory action acquired the property in controversy from the daughter and heir of one Thieneman, who purchased from M. H. Breen in 1855, and who had his title duly registered.

The defendant claims ownership through mesne conveyances from Breen in 1858; he also sets up two tax titles from the State; the evidence shows him to be without title.

When Breen sold in 1858 he had already parted with title in 1855, and the tax titles evidently refer to some other property which they respectively describe as fronting on Mandeville Street, or on Spain Street, whereas the property now in dispute fronts on Johnson Street.

The defendant also urges the prescription of ten years based on possession under a title in good faith, and the plea is based on the alleged fact that the property was fenced in about twenty years ago, when it was leased by Miss Heron, the warrantor, and that the fence has since been maintained.

A perusal of the mass of testimony taken on this point satisfactorily shows that there was a fence put around other property, and that the one in controversy, instead of being fenced in, was in reality fenced out. While it is true, as a general proposition, that possession of a part of a continuous tract of land is possesion of the whole, we do not consider that the doctrine is applicable to city lots divided according to a plan.

These, though of common ownership, must be regarded as distinct and specific entities.

The plaintiff's title must therefore be held good, and we now pass to the question of the value of the improvements put upon the place by the defendant.

The latter claims $1503, and was allowed $800; the claim is inflated, but the award is inadequate.

Bills for materials were furnished, supported by the testimony of those who supplied them and of the defendant, amounting to about $800. The claim for wages of workmen is grossly exaggerated and not entitled to much consideration, because much of the expense was caused by the manner of building which appears to have been intermittent and to have spread over a period of two years.

Considering the general trend of the voluminous testimony on this point, and without quoting the opinions of the witnesses or entering into details, our conclusion is that the value of the improvements may justly be fixed at the sum of $1000.

The judgment is amended by increasing the amount in favor of George W. Murray and against the Quaker Realty Co. to the sum of $1000, and, as amended, it is affirmed, plaintiff-appellee to pay costs of appeal.